```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPENCER TRASK SOFTWARE &
INFORMATION SERVICES LLC,
formerly known as SPENCER TRASK
INTERNET GROUP, LLC, and
SPENCER TRASK VENTURES, INC.,

      Plaintiffs,

- against -

RPOST INTERNATIONAL LIMITED,
ZAFAR KHAN, TERRY TOMKOW, and
KEN BARTON,

      Defendants.

**OPINION AND ORDER**

02 Civ. 1276 (PKL)

**APPEARANCES**

PATTERSON BELKNAP WEBB & TYLER LLP
Stephen P. Younger, Esq.
1133 Avenue of the Americas
New York, N.Y. 10036

<u>Attorney for Plaintiffs</u>

BUTERA & ANDREWS
Dennis M. Hart, Esq.
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

<u>Attorney for Defendants</u>

**LEISURE, District Judge**:

Plaintiffs Spencer Trask Software and Information Services, LLC, formerly known as Spencer Trask Internet Group, LLC, and Spencer Trask Ventures, Inc. (collectively "Spencer Trask") bring this action against RPost International Limited ("RPost") and two of its officers, Zafar Kahn ("Kahn") and Terry Tomkow (collectively "defendants")[1] for breach of contract, fraud, promissory estoppel, and breach of warranty. Spencer Trask now moves to amend its complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. For the reasons set forth herein, Spencer Trask's motion is GRANTED.

## BACKGROUND

The factual and procedural history of this case are more fully set forth in the Court's January 24, 2003 Opinion and Order, see Spencer Trask Software and Info. Servs., LLC v. RPost Int'l Ltd., No. 02 Civ. 1276, 2003 WL 169801 (S.D.N.Y. Jan. 24, 2003) (Leisure, J.), but the factual and procedural history relevant to this motion is as follows.

Spencer Trask's action arises out of defendants' alleged failure to perform on an agreement to sell securities to Spencer Trask. The parties entered into an agreement to enable RPost, an internet company which aims to provide electronic mail

---

[1] The parties stipulated to the dismissal of defendant Ken Barton, which the Court ordered on March 3, 2008.

1

service for sending "registered e-mails," to finance a new venture.

The action was removed to this Court from the Supreme Court of the State of New York on February 19, 2002. Spencer Trask subsequently filed an Amended Complaint on March 19, 2002. Thereafter, defendants moved to dismiss the Amended Complaint. The Court granted defendants' motion to dismiss the securities fraud claim, the common law fraud claim, and the equitable estoppel claim, but denied defendants' motion to dismiss the breach of contract, breach of implied contract, promissory estoppel, breach of warranty, unjust enrichment, and breach of duty of good faith and fair dealing claims. Defendants filed an answer to the Amended Complaint on February 19, 2003. The Court signed the parties' case management plan on September 18, 2003. Spencer Trask filed its Second Amended Complaint on October 17, 2003, which added allegations regarding RPost's failure to secure a deal with the United States Postal Service and alleged causation between defendants' wrongful conduct and Spencer Trask's damages. Limited discovery took place in late 2003, however, on February 11, 2004, this case was placed on the suspense calendar pending resolution of the patent litigation Propat International Corp. v. RPost, Inc. and RPost U.S., Inc., 02 Civ. 02473, pending in the United States District Court for the Northern District of California. Upon completion of the

patent litigation, this action was removed from the suspense docket on August 21, 2007.

On March 18, 2008, Spencer Trask requested defendants' permission to amend its complaint, and provided defendants with a copy of Spencer Trask's proposed Third Amended Complaint. (Younger Decl. ¶ 4.)  Defendants would not grant Spencer Trask's request. (Id. ¶ 5.)  The parties appeared before the Court for a pre-motion conference on April 3, 2008, at which time defendants' counsel reiterated that defendants would not consent to the amendment.  At the same conference, the Court signed the parties' revised case management plan.  Spencer Trask filed its motion to amend the complaint on April 14, 2008.  Defendants opposed the motion on April 25, 2008 and Spencer Trask replied on May 2, 2008.

## DISCUSSION

I. Proposed Amendments

Spencer Trask's motion seeks to add three new causes of action to the complaint, all relating to RPost's alleged failure to pay Spencer Trask under a promissory note (the "Note") executed by Khan, RPost's founder, on November 1, 2001, for $500,000 plus interest.  Spencer Trask asserts that it has repeatedly requested payment on the Note, but RPost has refused to pay. (Pl.'s Memo. of Law at 1.)  The Note also included terms whereby if RPost secured certain financing of greater than $2

3

million within twelve months, the Note would convert into a particular class of capital stock, but if RPost did not secure the financing, the Note would convert into preferred shares. RPost has represented to Spencer Trask that it secured the $2 million; however, Spencer Trask contends that RPost never secured the financing. (Id. at 2.)  Spencer Trask's proposed Third Amended Complaint includes claims for (1) breach of contract based upon RPost's alleged failure to pay under the Note, (2) unjust enrichment based upon RPost's alleged failure to pay under the Note, and (3) breach of good faith and fair dealing based upon RPost's allegedly false representation that it secured financing under the terms of the Note.

II. Standard for Granting Motion to Amend

Plaintiffs previously amended their pleading, therefore, their motion is governed by Rule 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The grant or denial of leave to amend is committed to the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); Guzman v. Bevona, 90 F.3d 641, 649 (2d Cir. 1996) ("[T]he District Court has broad discretion to permit an amendment."); Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) ("[I]t is within the sound discretion of the district

4

court whether to grant or deny leave to amend."). Leave to amend should be granted absent "undue delay, bad faith . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman, 371 U.S. at 182; see Zahra, 48 F.3d at 685; Rachman Bag Co. v. Liberty Mut. Life Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995). Defendants oppose Spencer Trask's motion contending that there has been undue delay, defendants would be prejudiced by the amendment, and Spencer Trask's amendment would be futile.

   A. Undue Delay

Defendants contend that there has been an "unusually long period of delay in this case . . . ." (Def.'s Opp. at 4.) However, parties "have been permitted to amend their pleadings to assert new claims long after they acquired the facts necessary to support those claims." Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987); see also Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 383 (2d Cir. 1968). Delay alone, "'absent a showing of bad faith or undue prejudice,'" does not warrant a denial of leave to amend. Richardson Greenshields Sec., Inc., 825 F.2d at 653 n.6 (quoting State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see Rachman Bag Co., 46 F.3d at 234-235.

Here, there has been no undue delay. This case was filed in this Court over six years ago; however, the period of delay is not nearly as long as it seems at first glance. See United Brands Co. v. M.V. "Isla Plaza", 770 F. Supp. 220, 224 (S.D.N.Y. 1991) (Leisure, J.) (holding that period of "delay" was considerably shorter where six years had passed since the lawsuit began, but the action was on the Court's suspense docket for three years and seven months). The instant action was on the Court's suspense calendar for three and a half years while a patent litigation was pending in the Northern District of California. Discovery was stayed during this time and no activity took place in this Court. Additionally, defendants do not allege bad faith by Spencer Trask and, as discussed below, there is no undue prejudice.

### B. Undue Prejudice

In determining whether a party's interests have been unduly prejudiced, the Second Circuit requires district courts to consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350

(2d Cir. 1993); see also Monahan v. New York City Dep't of Corr., 214 F.3d 275, 283-84 (2d Cir. 2000).

None of these factors are implicated by Spencer Trask's motion.[2]  Discovery in this action is ongoing,[3] depositions have not yet been taken, and no trial date has been set.  Discovery on the new claims likely can be completed within the time frame already set forth in the parties' case management plan.[4]  In addition, although the claims are distinct from Spencer Trask's existent claims, they arise out of the same transaction.[5]  Considering the factors under Block v. First Blood Associates, defendants have not provided "concrete evidence that [they] will suffer prejudice." United Brands Co., 770 F. Supp. at 224.

### C. Futility

Leave to amend may be denied where the proposed amendments appear to be "unlikely to be productive." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993); see also Kaster v.

---

[2] The third factor is not applicable here.

[3] The parties have engaged in discovery since the case was removed from the Court's suspense docket in August 2007. (Younger Decl. ¶¶ 7-9, 11-16.) Defendants assert that they "consider document discovery to be complete from their perspective and nearly complete from the plaintiffs' side." (Def.'s Opp. at 2.)  Under the April 3, 2008 case management plan, however, document production is not required to be completed until August 31, 2008.

[4] As noted above, the parties' revised case management plan was presented to the Court at the April 3, 2008 conference -- the same conference at which Spencer Trask's proposed amendments were discussed.

[5] Further, the proposed claims should not be a surprise to defendants as "Spencer Trask has repeatedly requested payment under the Note, including as recently as March 13, 2008, yet RPost has refused to make such payment." (Pl.'s Memo. of Law at 1.)

7

Modification Sys., Inc., 731 F.2d 1014, 1018 (2d Cir. 1984) ("That the amendments would not serve any purpose is a valid ground to deny a motion for leave to amend."). Thus, if the proposed amended complaint would be subject to "immediate dismissal" for failure to state a claim or on some other ground, the Court will not permit the amendment. Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). However, if Spencer Trask "'has at least colorable grounds for relief, justice does so require'" that its motion be granted. Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (quoting S.S. Silberblatt, Inc. v. East Harlem Pilot Block--Bldg. 1 Housing Dev. Fund Co., 608 F.2d 28, 41 (2d Cir. 1979)). Defendants assert that Spencer Trask cannot recover because its claims are barred by the statute of limitations, the doctrine of laches, and equitable estoppel. Defendants' arguments are meritless.

Spencer Trask's proposed claims are not barred by the statute of limitations. Under Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure, "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to

be set out -- in the original pleading."[6]  The transaction that gives rise to Spencer Trask's proposed claims is Spencer Trask's investment in RPost, which is the same transaction that gave rise to the claims in the original pleading.  Thus, Spencer Trask's proposed claims relate back to the date of the original pleading and should not be dismissed as untimely.

The doctrine of laches does not bar Spencer Trask's claims.  "A party asserting a laches defense must show that 'the plaintiff has inexcusably slept on [its] rights so as to make a decree against the defendant unfair.'" Merrill Lynch Inv. Managers v. Optibase, Ltd., 337 F.3d 125, 132 (2d Cir. 2003) (quoting Prudential Lines, Inc. v. Exxon Corp., 704 F.2d 59, 65 (2d Cir. 1983)).  In addition, a laches defense "requires a showing by the defendant 'that it has been prejudiced by the plaintiff's unreasonable delay in bringing the action.'" Id. (quoting Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 192 (2d Cir. 1996)); see also Washington Square Post No. 1212 v. City of New York, 808 F. Supp. 264, 270 (S.D.N.Y. 1992) (Leisure, J.) ("[L]aches asks whether the plaintiff in asserting her rights was guilty of unreasonable delay that prejudiced the

---

[6] In its Reply Memorandum, Spencer Trask cites to Rule 15(c)(2) for this proposition. (Pl.'s Reply at 8.)  Recent amendments to the Federal Rules of Civil Procedure caused the sections of Rule 15 to be renumbered.  The section addressing the relation back of amendments, which was previously Rule 15(c)(2), is now Rule 15(c)(1)(B).  Although there are minor changes to the wording of this section, the substance is unchanged. See Darcy v. Lippman, No. 03 Civ. 6898, 2008 WL 629999, at *12 n.4 (S.D.N.Y. Mar. 10, 2008).

9

defendants. The answers to these questions are to be drawn from the equitable circumstances peculiar to each case." (quoting Stone v. Williams, 873 F.2d 620, 623-24 (2d Cir. 1989), vacated on other grounds, 891 F.2d 401 (2d Cir. 1989))). As discussed above, Spencer Trask has not unreasonably delayed in raising the claims and defendants have not been prejudiced.

Equitable estoppel also does not bar the amendments. "The three elements defendants must establish to invoke equitable estoppel are (1) a misrepresentation by the plaintiff, (2) reasonable reliance by the defendant, and (3) prejudice." Veltri v. Bldg. Serv. 32B-J Pension Fund, 393 F.3d 318, 326 (2d Cir. 2004) (citing Kosakow v. New Rochelle Radiology Assocs., P.C., 274 F.3d 706, 725 (2d Cir. 2001)). Here, there has been no misrepresentation by Spencer Trask. In fact, Spencer Trask states that it has repeatedly requested payment on the Note. (Pl.'s Memo. of Law at 1.) Defendants "cannot claim to have been unfairly surprised by, nor can it claim to have been unable to plan to account for, a dispute of which it was promptly informed." Veltri, 393 F.3d at 326-27.

None of the factors enumerated in Foman v. Davis are present in this case. Therefore, Spencer Trask's motion to amend its complaint is GRANTED.

## CONCLUSION

For the reasons stated herein, Spencer Trask's motion to amend its complaint is hereby GRANTED. The parties are ORDERED to appear before the Court at 500 Pearl Street, Courtroom 18B, for a pre-trial status conference on June 26, 2008 at 9:30 a.m.

**SO ORDERED.**
**New York, New York**
May 22, 2008

_____
U.S.D.J.

11